GUSTAVO MUÑOZ DÍAZ, Plaintiff and Appellant, *v.* PEDRO SOLÁ COLÓN, Defendant and Appellee.

No. 6666.   Argued May 10, 1935.—Decided June 28, 1935.

*R. Atiles Moréu* and *Angel de Jesús Matos* for appellant.   *González Fagundo & González, Jr.,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This action was commenced by a complaint filed by Gustavo Muñoz Díaz in the District Court of Humacao against Pedro Solá Colón praying that a certain summary foreclosure proceeding brought by Solá against Muñoz be declared invalid.

In substance, it was averred in the complaint that Solá, being the holder of a mortgage constituted upon three properties belonging to Muñoz, and alleging that the mortgage was matured and that the sum of $141.66 was owing on account of interest, commenced a summary proceeding in which the debtor was required to pay the principal, the interest referred to, and $500 for costs. The debtor applied to this Supreme Court for a writ of certiorari, and the summary proceeding was suspended until June 30, 1931, on which date, the certiorari proceeding having been decided against the

debtor, the creditor brought this fact to the attention of the district court and prayed that, since the 30 days fixed in the demand for payment had elapsed without the amounts claimed having been paid, and since, moreover, interest amounting to $433.32 had matured up to June 20, 1931, the court order the sale of the mortgaged properties. The court so ordered, and the auction sale was held on July 28 following, the mortgaged properties being awarded to the creditor.

It was further alleged, in substance, that the foreclosure proceeding was void, since plaintiff and defendant on July 26, 1930, made a settlement agreement, whereby Muñoz undertook to pay to Solá the interest claimed in the proceeding as well as that which had become due up to the date of the agreement, together with the cost of the proceeding, which Solá fixed at $156; that even assuming that the foreclosure proceeding had not been terminated by reason of the settlement, the collection and receipt of interest and costs by the creditor after the proceeding was begun terminated the proceeding both in law and in fact; that the properties were sold to satisfy the principal sum of $13,000, $433.32 for interest accrued on June 20, 1931, and $500 for costs, while in the initial petition a larger sum was claimed, different from that appearing in the order of sale, and that the debtor was never required to pay the whole sum for which the sale was held and that the procedure provided by the Mortgage Law was thereby violated, thus depriving not only the debtor but also subsequent creditors, whose domiciles appear in the certificate issued by the registrar, of the right to pay within the term fixed; that notwithstanding the fact that the creditor had collected the costs which he himself fixed at $156, he again claimed them in the foreclosure proceeding, falsely alleging that they were owing to him, and that the damages which plaintiff had suffered amounted to $20,000.

Judgment was prayed for declaring void the summary foreclosure proceeding in question, as well as the deed of judicial sale executed by the marshal to defendant and the

record thereof in the registry, and adjudging defendant to pay to the plaintiff $20,000 and costs.

The defendant was served with summons, and on September 9, 1931, he filed a motion to strike, and on November 18, 1933, moved that the motion be included in the calendar. The motion was set and came on for hearing on November 27. At the hearing only defendant appeared, represented by counsel, who stated that he would not insist upon the motion, but would present a demurrer for insufficiency of the complaint.

The demurrer was filed and thereafter heard on December 4 following, both parties appearing by counsel. The court reserved its decision. On December 9 plaintiff presented a written brief in opposition to the demurrer. The demurrer was sustained five days later. In sustaining the demurrer the court entered the following opinion:

"Although they have not been separated, the complaint in this case sets forth two causes of action: the first as to the nullity of the mortgage foreclosure; the second for damages arising from such foreclosure. A demurrer has been filed to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The basis for such demurrer is the failure to allege in the complaint that plaintiff had offered to pay to the defendant the sum owing to him on account of the mortgage contract which gave rise to the mortgage foreclosure proceeding here challenged.

"In the case of *Isaach* v. *Del Toro,* which was exclusively an action for damages claimed to arise from the invalidity of a certain mortgage foreclosure, the Supreme Court of Puerto Rico said:

" 'Obviously the sections relied upon refer to voidable contracts rather than to void judicial sales, and do not require a mortgagor to pay the amount due under the mortgage as a condition precedent to a decree establishing the absolute nullity of the foreclosure proceedings for want of jurisdiction.' *Isaach* v. *Del Toro,* 33 P.R.R. 959.

"Thereafter in the case of *Gutiérrez* v. *Longpré,* which was an action to annul a summary mortgage foreclosure proceeding, decided by the same court on March 16, 1933, a related legal question was decided, and the court said:

" 'One of the other grounds of the demurrer was that the complaint failed to tender the amount due under the mortgage deed, and that this failure made the action fatally defective. We have a certain amount of sympathy for the position of the appellants and perhaps, they are entirely right in maintaining that *a complaint which seeks to recover money damages from creditors* by reason of an invalid sale should tender the amount of the mortgage debt or the like. *A complaint which fails to do so is bad and a demurrer thereto should be sustained.'* (Italics supplied).

"As may be seen, the rule laid down by this last case is applicable to a complaint which seeks to recover damages from creditors and seems to involve a variation of the rule enunciated in the case *Isaach* v. *Del Toro, supra.*

"Personally the judge rendering this opinion believes that the rule of the case of *Isaach* v. *Del Toro* is more in harmony with the true nature of the proceeding; but, with the respect due to all decisions of the Supreme Court and believing that since the opinion in the case of *Gutiérrez* v. *Longpré* is the later opinion, it ought to prevail over the prior opinion, the court holds that in so far as the cause of action for damages in this case is concerned, the demurrer filed by defendant must be sustained, and plaintiff granted ten days within which to amend his complaint."

On December 31, 1933, plaintiff advised the court that he would not amend his complaint, and asked that judgment be entered, which was done on January 5, 1934. From that judgment the present appeal was taken.

██ Everything in this case turns upon the scope which the decision of this court in the case of *Gutiérrez* v. *Longpré,* 44 P.R.R. 643, has or should have.

In that case this court said:

"One of the other grounds of the demurrer was that the complaint failed to tender the amount due under the mortgage deed, and that this failure made the action fatally defective. We have a certain amount of sympathy for the position of the appellants and perhaps, they are entirely right in maintaining that a complaint which seeks to recover money damages from creditors by reason of an invalid sale should tender the amount of the mortgage debt or the like. A complaint which fails to do so is bad and a demurrer thereto should be sustained. The only doubt that we have in this particular case is whether that

defense was not abandoned. At the trial the court considered the amount of damages and rendered judgment for the difference between the value of the property and the supposed amount of the debt with interest. Hence a question may arise whether the complaint could not be considered as amended in accordance with our decision in *People* v. *Heirs of Valdés,* 31 P.R.R. 213. *Heirs of Franceschi* v. *González.* Opinion of the Circuit Court of Appeals of December 29, 1932 (62 F. (2d.) 748).''

What is set forth in the paragraph just quoted is sufficient to show that what moved this .court to reverse the judgment appealed from and to dismiss the complaint in that case was not the failure of plaintiff to offer in his complaint to pay the amount owing. If that is not sufficient in itself, a reading of the entire opinion would make such a conclusion inevitable.

Apparently the last part of the paragraph above quoted went further than was required by the real thought of the court, a thought which was expressed in the following terms: ''We have a certain amount of sympathy for the position of the appellants and perhaps, they are entirely right in maintaining that a complaint which seeks to recover money damages from creditors by reason of an invalid sale should tender the amount of the mortgage debt or the like.''

Such sympathy generally arises in the mind of the court when confronted with the real facts in certain suits, in which what has been collected was in reality owing, in which no advantage was taken wilfully and in which through some technical error substantially just proceedings are sought to be annulled, and it must be recognized that this sometimes induces courts to lay down rules which are not thereafter justified in cases in which similar facts do not appear.

In the case of *Issach* v. *Del Toro,* 33 P.R.R. 959, 963, this court said:

''The theory of the second assignment seems to be that plaintiff was obliged to make some sort of a tender in accordance with sections 1271, 1274 and 1275 of the Civil Code, but without any definite indication as to the exact nature of the omission in question. Ob-

viously the sections relied upon refer to voidable contracts rather than to void judicial sales, and do not require a mortgagor to pay the amount due under the mortgage as a condition precedent to a decree establishing the absolute nullity of the foreclosure proceedings for want of jurisdiction.''

We find nothing in the Mortgage Law or the Regulations requiring that an offer be made in the complaint in an action to annul a summary foreclosure proceeding, to pay the amount owing by plaintiff on account of the mortgage, much less requiring a prior deposit of the amount of the debt as a condition precedent to the bringing of the action for nullity.

The pertinent parts of article 175 of the Regulations are as follows:

''All other claims that may be brought, either by the debtor or by third persons in possession and other persons interested, including those involving the nullity of the title or of the proceedings, or the maturity, truth, extinction or amount of the debt, shall be heard in the proper plenary action, without ever producing the effect of suspending or interfering with the execution proceedings. The jurisdiction to take cognizance of this declaratory action shall be determined by the ordinary rules.

''At the time the complaint is filed, in pursuance of the provisions of the preceding paragraph, or during the course of the proceedings, a demand may be made that the effectiveness of the judgment be secured by the retention of all or of a part of the amount to be delivered to the execution creditor as a result of the execution proceedings. The judge shall order this retention in view of the documents which may be presented, if he deems the reasons advanced to be sufficient. If the execution creditor should give security to the satisfaction of the judge for the amount which may be ordered retained to secure the effectiveness of the judgment in declaratory action, the retention shall be dissolved. If the person applying for the adoption of this measure is known not to be sufficiently solvent, the judge must require him first to furnish sufficient guaranty to answer for the interest on account of delay and compensation for any other loss or damage which the creditor may be caused.''

To require prior payment or deposit of the amount secured by a mortgage would in most cases make it impos-

sible for a debtor to avail himself of the right which the Mortgage Law itself recognizes; to require an offer to pay if the foreclosure proceeding be held invalid, seems superfluous in a case such as this where the mortgaged property is in the possession of the creditor, since, once the summary proceeding is held invalid, matters return to the state in which they were before, the mortgage remaining in force and the debt being consequently secured.

The practice followed has been that when an action is filed to annul a foreclosure proceeding, defendant files a cross complaint asking, in the event that the proceeding be annulled, for judgment for the amount of the mortgage, with interest and the taxes which he might have paid, etc., all the rights involved being thus duly taken care of. For examples, see the cases of *Pontón* v. *Succrs. of Huertas González,* 42 P.R.R. 511 and 46 P.R.R. 763, and *Román* v. *Rivera,* 43 P.R.R. 512.

For the foregoing reasons, and in view of the fact that the complaint sets forth facts which if admitted or proved would establish the invalidity of the summary foreclosure proceeding, as claimed by plaintiff, the judgment appealed from must be reversed, and an order entered instead overruling the demurrer and remanding the case for further proceedings in accordance with law, all without special imposition of costs.